UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DESIREE JONES | CIVIL ACTION |
| VERSUS | NO.  15-6997 |
| LOUISIANA DEPARTMENT OF<br>HEALTH AND HOSPITALS, ET AL. | SECTION "N"  (1) |

**ORDER & REASONS**

Presently before the Court is the "Motion to Dismiss" (Rec. Doc. 5) filed by the defendants, the Louisiana Department of Health and Hospitals, John Mancuso, and Jeanette Cage. Now, having considered the memoranda of the parties and the applicable law, the Court rules as stated herein.

**I. BACKGROUND**

Louisiana Department of Health and Hospitals ("DHH") employed the plaintiff, Desiree Jones ("Plaintiff"), on a probationary basis as a Medicaid analyst until November 12, 2014, on which date it terminated her employment.  Believing the termination to be retaliation for aiding an internal investigation into harassment allegations made against DHH supervisors by herself and other employees with disabilities, Plaintiff brought the instant suit in Orleans Parish Civil District Court against DHH and two of its employees, Jeanette Cage ("Cage") and John Mancuso ("Mancuso"). Plaintiff asserts federal claims against DHH for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and against Cage and Mancuso for depriving her of unspecified rights, in violation of 42 U.S.C. § 1983. Against a combination of the defendants, she also brings state law claims such as defamation, intentional infliction of emotional distress, and violations of the Louisiana employment statutes, namely Louisiana Revised Statutes 23:301, *et seq.*; 51:2256; and 23:967. Having removed the action, the defendants now seek its dismissal pursuant

to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

To survive an attack by a Rule 12(b)(6) motion to dismiss, a complaint must contain enough facts to make a claim for relief "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is satisfied if the Court can draw, from pleaded facts, "the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires the plaintiff to offer more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 545. Thus, a complaint devoid of factual support will necessarily fall short of pleading standards. *See Iqbal*, 556 U.S. at 679. All well-pleaded facts, on the other hand, are to be accepted by the court as true and viewed "in the light most favorable to the non-moving party." *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008).

**III. LAW AND ANALYSIS**

**1. The ADA Claims and Principles of Sovereign Immunity**

"[T]he purpose of state sovereign immunity is to protect the state from being held liable by its creditors as well as to safeguard it from private suits filed without its consent." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 254 (5th Cir. 2005). Thus, there are two distinct components to the immunity that the States enjoy as sovereigns: immunity from suit in a particular forum and immunity from liability. *Id.* at 252-53. Either component may be waived or retained separately. *Id.* at 252. For example, in cases such as the one *sub judice*, where the removing party in a lawsuit is the state, it is deemed to have relinquished its immunity from suit in federal court due to its voluntary invocation of federal jurisdiction. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 624 (2002); *Benzing*, 410 F.3d at 247-248 (and cases cited therein discussing the waiver-by-removal rule). However, by consenting to suit in a federal forum, a state does not waive its immunity from liability. *Benzing*, 410 F.3d at 253. Such a complete waiver requires an unequivocal act of Congress pursuant to a valid grant of constitutional authority, *see Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or a failure on behalf of a state to establish its immunity. *See Benzing*, 410 F.3d at 253.

In the case at bar, the aforementioned requirements for waiver are not present. In *Garrett*, the Supreme Court held that Title I of the ADA was not a valid abrogation by Congress of state sovereign immunity. 531 U.S. at 374. Moreover, under its constitution, the State of Louisiana has unambiguously claimed to the fullest extent its sovereignty within the federal system. *See Holliday v. Board of Supervisors of LSU Agricultural and Mechanical College*, 2014–0585 (La.10/15/14), 149 So.3d 227, 229 (citing La. Const. art. 1, § 26). Nevertheless, Plaintiff argues that Louisiana waived its immunity by receiving federal funds linked to the Medicaid program. The single case

3

cited in support by Plaintiff, *Covington v. McNeese State Univ.*, 08-505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, does not apply to Title I of the ADA; moreover, courts in this Circuit have found that a state does not waive its sovereign immunity merely by accepting federal funds. *See, e.g., Dansby–Giles v. Jackson State Univ.*, 638 F.Supp.2d 698, 700-01 (S.D.Miss. 2009). Therefore, Louisiana's immunity as a sovereign remains intact and serves as a bar to claims asserted under Title I of the ADA.[1]

### 2. The §1983 Claim and Deprivation of a Federal Right

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal citation omitted); *see also Hertz Corp. v. City of New York*, 1 F.3d 121, 133 (2d Cir. 1993) ("42 U.S.C. § 1983 creates civil liability for deprivations of certain federal rights under color of state law. It is a procedural vehicle which permits suit for violations of constitutional and federal statutory provisions."). Pleading a § 1983 claim requires only two essential allegations:

> By the plain terms of § 1983, two--and only two--allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who deprived him of that right acted under color of state or territorial law.

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Here, in light of these basic requirements, the § 1983 claim is fundamentally deficient, as Plaintiff fails to identify an underlying federal right. From Plaintiff's brief, the claim appears to be

---

[1] There is confusion among the parties as to whether Plaintiff has asserted ADA claims against individual defendants, Cage and Mancuso. It is not clear from the petition, but, because Plaintiff avers that she has not, the Motion is denied as moot in this respect.

based on the state law tort of defamation, but Plaintiff fails to offer any explanation as to how the deprivation of a federal right follows. (*See* Rec. Doc. 6 at p. 15). Moreover, Plaintiff's ADA claim is the only substantive violation of federal law pled, and she has not claimed a property right in her employment, seemingly because she was, admittedly, a probationary employee who could be terminated at any time. *See Staheli v. University of Mississippi*, 621 F.Supp. 449, 453 (N.D.Miss. 1985) *aff'd*, 854 F.2d 121(5th Cir. 1988) (explaining that, to constitute a property interest, an expectancy of continued employment must be based on statute, contract, or mutually explicit understanding). While Plaintiff requests leave to cure any factual deficiency, this flaw is in the § 1983 claim itself and not in the facts pled. As a result, the Court finds dismissal of Plaintiff's § 1983 claim is warranted.

### 3. The State Law Claims and Supplemental Jurisdiction

The decision to exercise or decline supplemental jurisdiction over the state law claims is entirely within the discretion of this Court. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989). In making this decision, the Court must consider and weigh both the statutory provisions of 28 U.S.C. § 13679(c)[2] and the values of judicial economy, convenience, fairness and comity. *See*

---

[2] 28 U.S.C. § 1367(c) provides that district courts "may" decline to exercise supplemental jurisdiction over a related claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Carnegie–Mellon Univ. v. Cohill*, 488 U.S. 343, 350-51(1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). While the general rule of this Circuit is "to dismiss state claims when the federal claims to which they are pendent have been dismissed," *Parker & Parsley Petroleum v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992), the Supreme Court has recognized that this is not "a mandatory rule to be applied inflexibly in all cases." *Carnegie–Mellon Univ. v. Cohill*, 488 U.S. 343, 350 n. 7 (1988).

The present action should have never been before this court. While the defendants properly removed the suit, the federal claims had obvious flaws, inherent from their inception, that should have dissuaded Plaintiff's counsel from asserting them. What remains of the lawsuit are state law claims arising from an employment dispute that should have been adjudicated by a Louisiana court all along. Consideration of the values of judicial economy, convenience, fairness, and comity do not sway the opinion of the Court. Although now delayed and having squandered judicial resources, this case remains in its infancy without discovery having commenced. Accordingly, the Court elects to remand the state law claims rather than exercise supplemental jurisdiction.

### IV. Conclusion

For the reasons stated above, **IT IS ORDERED** that the Motion to Dismiss is **GRANTED** to the extent that Plaintiff's ADA and § 1983 claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims, which arise under Louisiana law, are **REMANDED** to state court.

New Orleans, Louisiana, this 9th day of June 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**